J-S57030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAKIM JIGGETTS | : | |
| | : | |
| Appellant | : | No. 690 EDA 2018 |

Appeal from the PCRA Order January 29, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No.:  CP-39-CR-0005101-2014

BEFORE:   PANELLA, J., PLATT\*, J., and STRASSBURGER\*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 08, 2018**

Appellant, Hakim Jiggetts, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We draw the relevant background of this case from our independent review of the certified record.  On June 17, 2015, Appellant entered a negotiated guilty plea to possession with intent to deliver a controlled substance, and persons not to possess a firearm.  The charges stem from Appellant's selling of heroin out of his residence, and possession of a handgun, despite several prior offenses precluding him from lawfully owning a firearm. On July 22, 2015, the trial court sentenced Appellant to an aggregate term of not less than six and one-half nor more than thirteen years' incarceration.

---

\*   Retired Senior Judge assigned to the Superior Court.

Because Appellant did not file a direct appeal, his judgment of sentence became final on August 21, 2015.[1]

Appellant filed his first PCRA petition *pro se* on July 22, 2016, and the PCRA court appointed counsel. Appellant subsequently withdrew his petition, following a hearing. Appellant filed the instant *pro se* PCRA petition on December 21, 2017. After issuing Rule 907 notice, **see** Pa.R.Crim.P. 907(1), the PCRA court dismissed Appellant's petition on January 29, 2018. Appellant timely appealed.[2]

On appeal, Appellant raises several disjointed claims of ineffective assistance of counsel. (**See** Appellant's Brief, at 3-8) (arguing that counsel was ineffective for failing to, *inter alia*, interview witnesses, investigate that he was innocent, introduce certain evidence at trial, and file an appeal).

Preliminarily, we note, "[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." **Commonwealth v. Shiloh**, 170 A.3d 553, 556 (Pa. Super. 2017) (citation

---

[1] **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review, or at expiration of time for seeking review); **see also** Pa.R.A.P. 903(a).

[2] Appellant failed to file a concise statement of errors complained of on appeal in accordance with the court's March 2, 2018 order. The court entered an opinion on April 4, 2018. **See** Pa.R.A.P. 1925. In light of our disposition, we need not address the effect of Appellant's inaction.

omitted). "The timeliness of a PCRA petition is a jurisdictional requisite." *Id.* at 557 (citation omitted).

A petitioner must file any PCRA petition, including a second or subsequent petition, within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). The exceptions to the PCRA time-bar allow for three very limited circumstances under which the late filing of a petition will be excused. *See id.*[3]; *see also Shiloh*, *supra* at 557.

As previously noted, Appellant filed the instant PCRA petition on December 21, 2017, more than two years after his judgment of sentence became final, which is patently untimely. Appellant did not establish the applicability any of the exceptions to the PCRA time-bar. Instead, he raises myriad claims of ineffective assistance of counsel, which do not constitute a basis for relief from the PCRA's timeliness requirement. (*See* Appellant's

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Brief, at 7). "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted); **see also Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa. Super. 2016) ("Appellant's claim of . . . counsel's ineffectiveness does not satisfy an exception to the PCRA time bar.") (citation omitted).

Therefore, Appellant's petition is time-barred, and the PCRA court lacked jurisdiction to review it. **See Shiloh**, **supra** at 557. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/18